UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY MOONEY and
TERRY MOONEY,

    Plaintiffs,

v.                                                   CASE NO: 8:13-cv-3213-T-26AEP

PHILIP HENKIN, M.D.,
HENKIN NEUROSURGERY, P.A.,
MEDTRONIC, INC., and
MEDTRONIC SOFAMOR DANSEK USA, INC.,

    Defendants.
_____/

**O R D E R**

Pending before the Court for resolution is the Renewal of Motion to Dismiss Plaintiffs' Complaint and Request for Evidentiary Hearing filed by the Henkin Defendants.[1] After careful consideration of the parties' written submissions,[2] together with the well-pleaded allegations of the Plaintiffs' complaint,[3] the Court is of the opinion that the motion is due to be denied, thus obviating the need for an evidentiary hearing as requested by the Henkin Defendants.

The primary thrust of the Defendant Henkin's motion is that the expert medical witness utilized by the Plaintiff in support of his notice of intent to initiate a medical malpractice action

---

[1] See docket 16.

[2] See dockets 17, 25, 26, and 27.

[3] See docket 2.

did not qualify as an expert under the criteria established by the Florida legislature in section 766.102(5)(A)(1), Florida Statutes (2013), in that the expert witness did not "[s]pecialize in the same specialty as the health care provider against whom . . . the testimony is offered[.]" The problem with this argument is that it ignores the fact that this particular statute was amended by the Florida legislature in its 2013 legislative session by eliminating the following language from this statutory provision "or specializes in a similar specialty that includes the evaluation, diagnosis, or treatment of the medical condition that is the subject of the claim and have prior experience treating similar patients[.]" Because the 2013 amendments to section 766.102, Florida Statutes, took effect on July 1, 2013, and applied to causes of action accruing on or after the effective date,[4] and because the Plaintiffs have alleged in the complaint that they first learned of facts giving rise to the causes of action against the Henken Defendants in April of 2013,[5] which is obviously prior to the effective date of section 766.102(5)(A)(1), Florida Statutes (2013), that revised limited statutory version of what constitutes a medical expert witness does not apply to the Plaintiffs' case.

Consequently, because the Henkin Defendants have failed to establish conclusively that the Plaintiffs' proffered medical expert witness does not otherwise satisfy the previous alternative statutory definition embodied in section 766.102(5)(A)(1), Florida Statues (2012), and because they have only made a perfunctory argument with no citation to controlling authority that the Plaintiffs' complaint should be dismissed for failure to comply with the requirements of section 766.1065(1), Florida Statutes, the Henkin Defendants' Renewal of Motion to Dismiss

---

[4] See Chapter 2013-108(6)(2) and (7), Laws of Florida.

[5] See docket 2-4, page 144, paragraph 253.

Plaintiffs' Complaint (Dkt. 16) is denied. This denial is without prejudice to raising the issues embodied in the motion in a motion for summary judgment filed after the completion of full discovery. The Henkin Defendants shall file their answer and defenses to the Plaintiffs' complaint within fourteen (14) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on February 7, 2014.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record